NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| KATHERYN POLANCO MARIN and CRISTIAN ALBERTO TORRES SANCHEZ, Plaintiffs, v. WNC LAUNDRY, LLC and DAVID KHALIL, Defendants. | No. 25cv2744 (EP) (JBC) **MEMORANDUM ORDER** |

**PADIN, District Judge.**

Plaintiffs Katheryn Polanco Marin and Cristian Alberto Torres Sanchez allege that Defendants WNC Laundry, LLC and David Khalil[1] failed to pay overtime compensation in violation of: (1) the Fair Labor Standards Act, 29 U.S.C §§ 201–19; (2) the New Jersey State Wage and Hour Law, N.J. Stat. Ann. §§ 34:11-56a–41; and (3) the New Jersey Wage Payment Law, N.J. Stat. Ann. §§ 34:11-4.1–14.  D.E. 1 ("Complaint"); *see also* D.E. 5 ("Sanchez's Consent to Join").

Defendants failed to answer, *see* Dkt., and Plaintiffs accordingly requested a Clerk's Entry of Default as to Defendants, D.E. 6.   The Clerk of Court subsequently entered default against Defendants pursuant to Federal Rule of Civil Procedure 55(a).  *See* Dkt.  After the Court prompted Plaintiffs to move for default judgment following the Clerk's Entry of Default, D.E. 8, Plaintiffs filed the instant motion for default judgment, D.E. 9 ("Motion" or "Mot.").  Defendants have not responded.  *See* Dkt.

For the reasons explained below, the Court will **DENY** the Motion *without prejudice*.

---

[1] Defendant Michael Khalil was dismissed from the action for Plaintiffs' failure to serve pursuant to Federal Rule of Civil Procedure 4(m).  *See* D.E. 7.

## I.    LEGAL STANDARD

Federal Rule of Civil Procedure 55 ("Rule 55") allows for the entry of a default judgment against a party that fails to plead or otherwise defend against claims.  Under Rule 55, obtaining a default judgment is a two-step process: *first*, the Clerk of the Court must enter default and, *second*, a plaintiff may then either "ask[] the Clerk to enter judgment, if the judgment is a sum certain, or . . . apply[] to the Court." *Teamsters Health & Welfare Fund of Phila. & Vicinity v. Dubin Paper Co.*, No. 11-7137, 2012 WL 3018062, at *2 (D.N.J. July 24, 2012) (citing Rule 55(b)).

Although the Court has discretion in granting default judgement once the procedural hurdle of obtaining a clerk's entry of default is met, the Third Circuit has emphasized that such discretion is "not without limits," and has repeatedly expressed its "preference that cases be disposed of on the merits whenever practicable." *Hritz v. Woma Corp.*, 732 F.2d 1178, 1181 (3d Cir. 1984) (citation modified).  Indeed, "a plaintiff is not entitled to default judgment as a matter of course, or as a matter of right, merely upon a defendant's failure to answer or otherwise defend a suit." *Trs. of United Food & Com. Workers Union & Participating Food Indus. Emps. Tri-State Health & Welfare Fund v. Oak HRC Statesman, LLC*, No. 19-13590, 2021 WL 2333245, at *1 (D.N.J. May 13, 2021) (citing *Chamberlain v. Giampapa*, 210 F.3d 154, 164 (3d Cir. 2000)).

When deciding whether to grant a default judgment motion, a court must therefore first determine "(1) whether the plaintiff produced sufficient proof of valid service and evidence of jurisdiction, and (2) whether the unchallenged facts present a sufficient cause of action." *Trs. of Int'l Union of Painters & Allied Trades Dist. Council 711 Health & Welfare Fund v. Arata Expositions, Inc.*, No. 22-4056, 2023 WL 3821133, at *1 (D.N.J. June 5, 2023) (citing *Chanel, Inc. v. Matos*, 133 F. Supp. 3d 678, 683 (D.N.J. 2015)).

But "even if default judgment is permissible, the Court must weigh the following three factors to determine whether default judgment is proper: (1) prejudice to the plaintiffs if default is

denied, (2) whether the defendant appears to have a meritorious defense, and (3) whether the defendant's delay is due to culpable conduct" (herein, the "*Chamberlain factors*").  *Id.* (citing, *inter alia*, *Chamberlain*, 210 F.3d. at 164).

## II.    ANALYSIS

Recognizing that "[i]t is incumbent upon Plaintiffs to demonstrate, among other things, that their Complaint entitles them to every form of relief they seek," and that it is not the Court's job to "do Plaintiffs' work for them," courts in this District routinely deny default judgment motions where plaintiffs do not "properly discuss[] and appl[y] the standards of law governing the entry of default judgment."  *Id.* at *1–2; *see id.* at 1 n.1 (collecting cases).  Such circumstances include those where a plaintiff has failed to analyze the *Chamberlain* factors.  *See, e.g.*, *Oak HRC Statesman, LLC*, D.E. 13 at 2 (D.N.J. July 6, 2020); *One SD Hoboken LLC v. Chandler*, No. 23-13043, 2026 WL 735174, at *2 (D.N.J. Mar. 16, 2026).

Here, Plaintiffs' Motion does not address—much less analyze—the *Chamberlain* factors. *See generally* Mot.  The Court will accordingly **DENY** the Motion because Plaintiffs' failure to analyze those factors precludes the Court from determining whether Plaintiffs are entitled to default judgment.  The Court will provide Plaintiffs with **30 days** to file a renewed motion for default judgment accompanied by a brief that discusses and applies the *Chamberlain* factors.  A failure to do so may result in dismissal of the action *with prejudice*.

## III.    CONCLUSION AND ORDER

Having considered Plaintiffs' Motion and all related items on the docket,

**IT IS**, on this **10th** day of April, 2026, for the reasons set forth above,

**ORDERED** that Plaintiffs' Motion, D.E. 9, is **DENIED *without prejudice***; and it is further

3

**ORDERED** that Plaintiffs may, within **30 days** of this Memorandum Order, file a renewed motion for default judgment accompanied by a brief that discusses and applies the *Chamberlain* factors.

Evelyn Padin, U.S.D.J.

4