**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| KATHERYN POLANCO MARIN and CRISTIAN ALBERTO TORRES SANCHEZ,<br><br>Plaintiffs,<br><br>v.<br><br>WNC LAUNDRY, LLC and DAVID KHALIL,<br><br>Defendants. | No. 25cv2744 (EP) (JBC)<br><br>**MEMORANDUM ORDER** |

**PADIN, District Judge.**

Plaintiff Katheryn Polanco Marin ("Polanco") alleges that Defendants WNC Laundry, LLC ("WNC") and David Khalil ("Khalil") failed to properly pay her for overtime hours in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201–219; the New Jersey Wage and Hour Law ("NJWHL"), N.J. Stat. Ann. §§ 34:11-56a to -56a41; and the New Jersey Wage Payment Law ("NJWPL"), N.J. Stat. Ann. §§ 34:11-4.1 to -4.14. *See* D.E. 1 ("Complaint" or "Compl.").[1] Plaintiff Cristian Alberto Torres Sanchez ("Sanchez" and together with Polanco, "Plaintiffs")—Polanco's former co-worker—filed a written consent to join the FLSA claim. D.E. 5.

[1] The Complaint names two individual defendants who share a surname: David Khalil and Michael Khalil. Each is alleged to be an owner, partner, officer, and/or manager of WNC with authority over its employees and pay practices. Compl. ¶¶ 17–24. Michael Khalil was never served and was dismissed from this action on September 24, 2025, for Plaintiffs' failure to serve him. D.E. 7. The Court therefore refers only to WNC and David Khalil (together, "Defendants").

On April 10, 2026, the Court denied Plaintiffs' first motion for default judgment *without prejudice* because the motion did not address the factors governing entry of default judgment. D.E. 10 ("Prior Order") at 3. Plaintiffs now renew that motion. D.E. 13-1 ("Motion" or "Mot.").[2]

For the reasons below, the Court will **GRANT** the Motion as to the FLSA and NJWHL claims, **DENY** the Motion as to the NJWPL claim, **GRANT in part** Plaintiffs' request for attorney's fees by awarding $9,057.25, and **GRANT in part** Plaintiffs' request for costs by awarding $405.

## I. BACKGROUND[3]

WNC operates an industrial laundry facility in East Orange, New Jersey (the "Facility"). Compl. ¶¶ 12, 16. Khalil, a New York resident, travels routinely to East Orange to manage WNC's day-to-day business. *Id.* ¶¶ 17–20. Khalil controls WNC's employees and pay practices, has the power to hire and fire and to set wages, and was regularly present at the Facility. *Id.* WNC's annual gross volume of business is at least $500,000, and it buys tools and products that have moved in interstate commerce. *Id.* ¶¶ 8, 14.

Polanco worked full time for Defendants as a non-exempt laundry laborer from about December 2023 to December 2024, cleaning commercial laundry on production lines. *Id.* ¶¶ 11, 40–41. Defendants paid her $17.00 an hour for every hour she worked. *Id.* ¶ 38. She routinely worked more than forty hours a week—"anywhere from approximately forty-five (45) to sixty-five (65) hours"—but was never paid the overtime premium for the hours beyond forty. *Id.* ¶¶ 37,

[2] Plaintiffs' Notice of Motion was filed at D.E. 13. The Court decides the Motion without oral argument. *See* Fed. R. Civ. P. 78(b); L. Civ. R. 78.1(b).

[3] "A consequence of the entry of a default judgment is that the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." *Comdyne I, Inc. v. Corbin*, 908 F.2d 1142, 1149 (3d Cir. 1990) (citation modified).

39, 51. Polanco alleges that Defendants knowingly and willfully did not pay her overtime and that they applied the same pay practice to their other laundry laborers. *Id.* ¶¶ 42–43, 51, 53.

Polanco filed the Complaint on April 15, 2025, pleading three counts on behalf of herself and similarly situated employees: unpaid overtime under the FLSA (Count One) and the NJWHL (Count Two), and unpaid wages under the NJWPL (Count Three). *Id.* ¶¶ 49–62. Khalil was served on April 26, 2025, by delivery of the summons and Complaint at his residence to a relative of suitable age and discretion, followed by a mailing to the same address; WNC was served on May 8, 2025, through its registered agent. D.E. 3; Mot. at 1–3.

Neither Defendant answered, and the Clerk of Court entered default against both Defendants on August 20, 2025. *See* Dkt. Sanchez filed his consent to join the FLSA claim on August 19, 2025. D.E. 5. He is not named in the Complaint, which alleges nothing about his hours, pay, or dates of employment.[4]

Plaintiffs first moved for default judgment, D.E. 9, and on April 10, 2026, the Court denied that motion *without prejudice* because Plaintiffs did not discuss the factors set forth in *Chamberlain v. Giampapa*, 210 F.3d 154, 164 (3d Cir. 2000) (the "*Chamberlain* Factors"), Prior Order. Plaintiffs renewed the Motion on May 25, 2026. Mot. In support of the Motion, Polanco and Sanchez each submit an affidavit of damages.[5] D.E. 13-2 ("Polanco Aff."); D.E. 13-3

[4] The Complaint's lone reference to a "Plaintiff Sanchez," Compl. ¶ 46, predates his consent by four months.

[5] Plaintiffs' Motion also seeks $9,057.25 in attorney's fees and costs and represents that counsel's time and fees are "reflected in the Attorney Fee Declaration submitted herewith." Mot. at 8–9. No fee declaration accompanied the Motion. On September 22, 2026, the Court ordered Plaintiffs to file the affidavit of services and supporting documentation required by Local Civil Rule 54.2(a). D.E. 14. Plaintiffs timely filed an attorney declaration and six-page activity ledger on September 25, 2026. D.E. 15 ("Fee Decl."); D.E. 15-1 ("Billing Records"). The Court considers those supplemental materials in resolving the request for fees and costs below.

("Sanchez Aff."). Polanco attests that from March 4 through October 20, 2024, she worked on average 11.4 overtime hours a week at $17.00 an hour and that she is owed $2,813.16 in unpaid overtime. Polanco Aff. ¶¶ 5–8. Sanchez attests to his own dates, hours, and pay, and claims $2,202.01. Sanchez Aff. ¶¶ 4–7.

## II. LEGAL STANDARD

A district court may enter default judgment against a properly served party who has failed to plead or otherwise defend an action filed against it. *See* Fed. R. Civ. P. 55(b)(2). Although the judiciary's "preference [is] that cases be disposed of on the merits whenever practicable," the "entry of a default judgment is left primarily to the discretion of the district court." *Hritz v. Woma Corp.*, 732 F.2d 1178, 1180–81 (3d Cir. 1984) (citation omitted). The court accepts the well-pleaded factual allegations in the complaint not related to damages and must decide if the "unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law." *Maersk Line v. TJM Int'l Ltd. Liab. Co.*, 427 F. Supp. 3d 528, 533 (D.N.J. 2019) (citation omitted). If Plaintiffs' "exhibits contradict [their] allegations in the complaint, the exhibits control." *Vorchheimer v. Philadelphian Owners Ass'n*, 903 F.3d 100, 112 (3d Cir. 2018). A plaintiff must still prove damages. *Comdyne I, Inc.*, 908 F.2d at 1149. A "damages determination may be made without a hearing as long as the court ensures that there is a basis for the damages specified in the default judgment." *Days Inns Worldwide, Inc. v. Panchal*, No. 15-1459, 2015 WL 5055318, at *2 (D.N.J. Aug. 25, 2015) (citation modified). And a default judgment "must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Fed. R. Civ. P. 54(c).

Before granting default judgment, the court must determine whether (1) it has subject matter jurisdiction over the claims at issue and personal jurisdiction over the defendants, (2) the

defendants were properly served, (3) the complaint states a sufficient cause of action, and (4) the plaintiff has proven damages. *Days Inns Worldwide, Inc. v. HH Pramukh, LLC*, No. 15-4318, 2016 WL 7231598, at *1 (D.N.J. Dec. 14, 2016) (citations omitted).

After making those determinations, the court must consider the *Chamberlain* Factors*:* "(1) prejudice to the plaintiff[s] if default is denied, (2) whether the defendant[s] appear[] to have a litigable defense, and (3) whether defendant[s'] delay is due to culpable conduct." *Trs. of Int'l Union of Painters & Allied Trades Dist. Council 711 Health & Welfare Fund, Vacation Fund, & Painters Dist. Council 711 Finishing Trades Inst. v. Leo Constructing, LLC*, 718 F. Supp. 3d 436, 441 (D.N.J. 2024) (quoting *Chamberlain*, 210 F.3d at 164).

## III. DISCUSSION

The Court has both personal and subject matter jurisdiction, and Defendants were properly served. The *Chamberlain* Factors favor judgment. Plaintiffs' affidavits are sufficient to establish unpaid overtime and liquidated damages, and Plaintiffs' supplemental fee submission supports an award of $9,057.25 in attorney's fees, and $405 in costs.

### A. Prerequisites for Default Judgment

The Court must first determine whether it has personal and subject matter jurisdiction and whether Defendants were properly served. *HH Pramukh*, 2016 WL 7231598, at *1.

The Court has federal question jurisdiction over the FLSA claim (Count One), 28 U.S.C. § 1331, and supplemental jurisdiction over the NJWHL (Count Two) and the NJWPL (Count Three) which rest on the same unpaid hours, 28 U.S.C. § 1367(a). *See De Asencio v. Tyson Foods, Inc.*, 342 F.3d 301, 308 (3d Cir. 2003) ("Where the same acts violate parallel federal and state laws, the common nucleus of operative facts is obvious." (citation modified)).

The Court also has personal jurisdiction over both Defendants. Personal jurisdiction is either general, where the defendant has "continuous and systematic" contacts with the forum, or specific, where the defendant "purposefully directed [its] activities" at the forum and the litigation "arise[s] out of or relate[s] to" at least one of those activities. *O'Connor v. Sandy Lane Hotel Co.*, 496 F.3d 312, 317 (3d Cir. 2007) (citation modified). WNC is located in and operates the Facility in East Orange, New Jersey. Compl. ¶¶ 12, 16. Given that Khalil is a New York resident, his contacts with New Jersey "must be assessed individually." *Keeton v. Hustler Mag., Inc.*, 465 U.S. 770, 781 (1984). Khalil routinely traveled to East Orange to run WNC's business and set the pay practices at issue, so both Plaintiffs' claims arise directly from his purposeful activity in New Jersey. Compl. ¶¶ 17–20; *see O'Connor*, 496 F.3d at 317.

Service was proper. WNC was served on May 8, 2025, through its registered agent, Fed. R. Civ. P. 4(h)(1)(B), and Khalil on April 26, 2025, by leaving the summons and Complaint at his residence with a relative of suitable age and discretion, followed by a mailing, Fed. R. Civ. P. 4(e)(2)(B). D.E. 3.

**B. Sufficient Causes of Action**

The Court turns to whether there is a sufficient cause of action and then considers the *Chamberlain* Factors.

*1. Wage statutes: FLSA, NJWHL, and NJWPL*

Plaintiffs bring claims under the FLSA, NJWHL, and NJWPL.

*FLSA*. The FLSA requires an employer to pay an employee who works over forty hours in a week "at a rate not less than one and one-half times the regular rate at which he is employed" for the overtime hours. 29 U.S.C. § 207(a)(1). An employer that violates that requirement is liable for the unpaid overtime "and in an additional equal amount as liquidated damages," plus a

reasonable attorney's fee and costs. *Id.* § 216(b). Liquidated damages are the standard, and the employer avoids them only by proving that "it acted in good faith and that it had reasonable grounds for believing that it was not violating the" FLSA. *Sec'y U.S. Dep't of Lab. v. Am. Future Sys., Inc.*, 873 F.3d 420, 433 (3d Cir. 2017); *see* 29 U.S.C. § 260. Under the FLSA, an employee may sue "for and in behalf of himself or themselves and other employees similarly situated," but no other employee becomes a party or shares in the judgment unless—like Sanchez here—he files a written consent with the court. 29 U.S.C. § 216(b).

*NJWHL.* The NJWHL is New Jersey's FLSA equivalent. It sets a minimum wage and, like the FLSA, requires employers to pay "not less than 1 1/2 times such employee's regular hourly rate for each hour of working time in excess of 40 hours in any week." N.J. Stat. Ann. § 34:11-56a4(b)(1). The statute "mirrors its federal counterpart," and courts construe the two together. *Nieves v. Top Notch Granite & Marble LLC*, No. 10-1589, 2011 WL 2937352, at *3 (D.N.J. July 19, 2011). The NJWHL's remedial provision lets an employee recover "an additional amount equal to not more than 200 percent of the amount of the unpaid minimum wages . . . as liquidated damages," and fees and costs. N.J. Stat. Ann. § 34:11-56a25. Because the FLSA and the NJWHL share a remedy for the same injury, an employee shorted overtime may sue under both, but she may only collect the overtime and liquidated damages once. *See Lurty v. 2001 Towing & Recovery, Inc.*, No. 18-6302, 2019 WL 3297473, at *4 (D.N.J. July 23, 2019) (entering judgment on liability under both statutes but awarding damages under one); *Nieves*, 2011 WL 2937352, at *3 (same).

The NJWHL, however, differs from the FLSA in two key respects. *First*, the measure of liquidated damages differs between the two statutes. While the FLSA doubles the unpaid wages, the NJWHL allows up to triple recovery. N.J. Stat. Ann. § 34:11-56a25. *Second*, the NJWHL has no opt-in device. A group claim under the NJWHL proceeds, if at all, as an ordinary class action

under Federal Rule of Civil Procedure 23, which binds absent employees only once a class is certified. *See* Compl. ¶¶ 2, 34.

*NJWPL.* The NJWPL is a different wage-related statute because it does not set a wage rate. The NJWPL "governs the time and mode of payment of wages due to employees," *Hargrove v. Sleepy's, LLC,* 220 N.J. 289, 303 (2015), requiring an employer to pay the full wages due on regular paydays at least twice a month, N.J. Stat. Ann. § 34:11-4.2, and forbidding deductions from those wages except as the statute allows, *id.* § 34:11-4.4. The NJWPL contains a private right of action against an employer that "fails to pay the full amount of wages to an employee agreed to or required by" the statute for "the full amount of any wages due" plus liquidated damages of up to 200 percent, fees, and costs. *Id.* § 34:11-4.10(c). Put simply, the NJWPL asks whether the employer paid the wages it owed in full and on time, while the NJWHL sets the rates that must be paid. Courts in this District have held that the NJWPL "does not support a claim for unpaid overtime wages," which must instead be brought under the NJWHL. *Atis v. Freedom Mortg. Corp.*, No. 15-3424, 2016 WL 7440465, at *3 (D.N.J. Dec. 27, 2016) (quoting *Rodriguez v. Canada Dry Bottling Co.*, No. 14-6897, 2015 WL 5770502, at *3 (D.N.J. Sept. 30, 2015)); *accord Derieux v. FedEx Ground Package Sys., Inc.*, No. 21-13645, 2023 WL 349495, at *3 (D.N.J. Jan. 20, 2023) (collecting cases holding that "claims for overtime pay must be brought under the NJWHL").

In short, the FLSA and the NJWHL impose the same overtime obligation and give the same worker a choice of remedies. The NJWPL addresses the time and mode of payments. Polanco, the named plaintiff, sues under all three statutes. Sanchez joined only the FLSA claim by written consent, D.E. 5, and so is a party only to the FLSA count.

*2. Polanco*

Polanco pleads viable overtime claims against both Defendants under the FLSA and the NJWHL. To state an overtime claim under either statute, a plaintiff must allege that (1) she was the defendant's employee, (2) the defendant was engaged in commerce, and (3) she worked more than forty hours in a given week without overtime pay. *Ortez v. Beta Elec. ELP, LLC*, No. 23-3693, 2025 WL 2169973, at *4 (D.N.J. July 31, 2025); *see Davis v. Abington Mem'l Hosp.*, 765 F.3d 236, 243 (3d Cir. 2014).

Polanco pleads all three elements for an FLSA claim. *First*, Polanco alleges a full-time job on WNC's production lines and an hourly wage of $17.00. Compl. ¶¶ 11, 37–41. *Second*, WNC's annual business of at least $500,000 and its use of goods that moved in interstate commerce bring it within the FLSA as an enterprise engaged in commerce. *Id.* ¶¶ 8, 14; *see* 29 U.S.C. § 203(s)(1)(A). And *third*, she worked forty-five to sixty-five hours per week without overtime pay. Compl. ¶¶ 11, 37–41; *see Davis*, 765 F.3d at 243.

Khalil is individually liable as an "employer." The FLSA and the NJWHL define "employer" broadly as "any person acting directly or indirectly in the interest of an employer in relation to an employee." 29 U.S.C. § 203(d); N.J. Stat. Ann. § 34:11-56a1(g). A company's owners or officers are employers when they exercise "supervisory authority over the complaining employee and [are] responsible in whole or part for the alleged violation." *Thompson v. Real Est. Mortg. Network*, 748 F.3d 142, 153 (3d Cir. 2014) (citation modified). Polanco alleges that Khalil owned and managed WNC, was regularly present on-site, "controlled the employees, pay practices and had the power to change same," and had "the power to hire and fire employees [and] set their wages." Compl. ¶¶ 17–20. Taken as true, those allegations make Khalil an employer under both statutes. *See Ortez*, 2025 WL 2169973, at *6 (finding individual employer liability on materially

identical allegations). Polanco has thus pleaded legitimate causes of action under the FLSA (Count One) and the NJWHL (Count Two).

Polanco's NJWPL claim (Count Three) is different. Polanco pleads that Defendants violated the NJWPL because "Defendants willfully failed to pay Plaintiff Polanco for all hours worked." Compl. ¶ 60. But the Complaint itself alleges that Polanco "was paid $17.00 an hour for all hours worked." *Id.* ¶ 38. Thus, Defendants paid Polanco the wage they agreed to pay her, for every hour, and nothing in the Complaint suggests they paid late, agreed to pay a different wage, or took any portion of the pay before giving it to Polanco. Polanco did not receive an overtime premium as required by law. That premium is an obligation under the FLSA and the NJWHL—not the NJWPL. *See Atis*, 2016 WL 7440465, at *3. Moreover, remedies under the NJWPL are the same remedies that the FLSA and NJWHL already provide. Polanco computes her damages once, as unpaid overtime plus NJWHL liquidated damages. Mot. at 6–8. Because Polanco's NJWPL claim does not state a legitimate cause of action and would be duplicative, the Court will **DISMISS** Count Three ***without prejudice***.

*3. Sanchez*

Although his situation differs from Polanco's, Sanchez also pleads a legitimate cause of action under the FLSA. He is not a named plaintiff, and the Complaint says nothing about his dates of employment, his rate, or his hours. *See generally* Compl. Sanchez is nonetheless entitled to default judgment under the FLSA (Count One) because he is a party to that claim and the claim is properly pleaded. The FLSA makes an employee "a party plaintiff" to a collective action only upon filing a written consent. 29 U.S.C. § 216(b); *Genesis HealthCare Corp. v. Symczyk*, 569 U.S. 66, 75 (2013) (noting that employees "become parties to a collective action only by filing written

consent with the court"). Sanchez filed his consent on August 19, 2025, D.E. 5, and his action commenced that day, 29 U.S.C. § 256(b), which was one day before the Clerk entered default.

The Complaint pleads the FLSA claim for all of Defendants' laundry laborers—including Sanchez. Compl. ¶¶ 30, 47. Polanco alleges that Defendants "uniformly apply the same employment policies, practices, and procedures to all employees" at the Facility and sues Defendants on behalf of "non-exempt industrial laundry laborers who were not properly compensated for those hours worked in excess of forty (40) hours." *Id.* ¶¶ 30, 47; *see id.* ¶¶ 27, 42, 52–54. Defendants' default admits those allegations, so Polanco's properly pleaded FLSA claims extend to Sanchez. *Comdyne I, Inc.*, 908 F.2d at 1149. Sanchez's affidavit places him within the pleaded collective in every respect—the same Facility, the same work, the same timeframe, and the same pay practice. Sanchez Aff. ¶¶ 4–6. The details the Complaint omits—Sanchez's dates, rate, and hours—are damages facts. And because the Complaint demands overtime, liquidated damages, and fees for Polanco "and those similarly situated employees," Compl. ¶¶ 52–54 & at 9–10, judgment for Sanchez neither differs in kind from nor exceeds the pleaded demand. *See* Fed. R. Civ. P. 54(c); *Ortez*, 2025 WL 2169973, at *1, *8–9 (entering default judgment for four opt-in plaintiffs based on their affidavits).

**C. *Chamberlain* Factors**

All three *Chamberlain* Factors favor entering default judgment against both Defendants: (1) Plaintiffs would be prejudiced if default is denied; (2) Defendants do not appear to have a litigable defense; and (3) Defendants' delay is due to culpable conduct. *Chamberlain*, 210 F.3d at 164.

*First*, Plaintiffs would suffer prejudice without default judgment. Defendants' failure to appear has left Plaintiffs with "no other means of seeking damages for the harm alleged." *Gowan*

*v. Cont'l Airlines, Inc.*, No. 10-1858, 2012 WL 2838924, at *2 (D.N.J. July 9, 2012); *Santiago v. Lucky Lodi Buffet Inc.*, No. 15-6147, 2016 WL 6138248, at *3 (D.N.J. Oct. 21, 2016) (finding prejudice in an FLSA overtime case where defendants failed to appear). The wages at issue here were withheld in 2024, and this action has been at the pleading stage for over a year.

*Second*, Defendants have not presented a litigable defense. Neither WNC nor Khalil has answered, moved, or otherwise responded to the Complaint, and the Clerk's entry of default was proper. *See* Dkt. "[B]ecause [defendant] has not answered or otherwise appeared in this action, the Court was unable to ascertain whether [it] has any litigable defenses." *Prudential Ins. Co. of Am. v. Taylor*, No. 08-2108, 2009 WL 536403, at *1 (D.N.J. Feb. 27, 2009); *Trs. of B.A.C. Loc. 4 Pension Fund v. M&N Constr. Servs., Inc.*, No. 24-425, 2024 WL 5165329, at *3 (D.N.J. Dec. 19, 2024) (same).

*Third*, Defendants' delay is due to their own culpable conduct. "[C]ulpable conduct is dilatory behavior that is willful or in bad faith." *Gross v. Stereo Component Sys., Inc.*, 700 F.2d 120, 123 (3d Cir. 1983) (citation omitted). Khalil was served at his home in April 2025, and WNC was served through its registered agent in May 2025. D.E. 3. Defendants' time to respond has long expired. *See* Fed. R. Civ. P. 12(a)(1)(A)(i). Neither Defendant has appeared in the sixteen months since—not after the Clerk entered default, not after Plaintiffs first moved for default judgment, and not after the Court denied that motion and Plaintiffs renewed it. *See* Dkt. Because Defendants have failed to appear for well over a year since being served, the Court finds them culpable in the default. *See Leo Constructing, LLC*, 718 F. Supp. 3d at 444 (finding defendant culpable in the default and collecting cases doing the same).

The Court finds that Plaintiffs have met all three *Chamberlain* Factors and turns to Plaintiffs' requested relief.

**D. Requested Relief**

*1. Unpaid overtime*

Although a default admits liability, each Plaintiff must prove the amount. *Comdyne I, Inc.*, 908 F.2d at 1149. An employee carries that burden by showing "the amount and extent of [uncompensated] work as a matter of just and reasonable inference." *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687–88 (1946). If the employer produces nothing to negate the inference, "the court may then award damages to the employee, even though the result be only approximate." *Id.* On default, a sworn affidavit approximating the hours worked is sufficient. *See Mondragon v. Sushitobox*, No. 22-3102, 2023 WL 5370245, at *3–4 (D.N.J. Aug. 22, 2023) (holding that, based on plaintiff's affidavit, "the Court [was] satisfied with counsel's calculations" and "award[ed] unpaid wages in the full amount sought").

Both Polanco's and Sanchez's affidavits approximate and calculate the amount worked. Because each Plaintiff was paid regular time for every hour, the unpaid amount is the half-time premium on each overtime hour: $8.50 an hour at Polanco's $17.00 wage, and $8.50 or $9.00 an hour at Sanchez's $17.00 or $18.00 wage. Polanco Aff. ¶ 5; Sanchez Aff. ¶ 5; *see* 29 C.F.R. § 778.110(a) (an hourly employee paid straight time for all hours is owed, for the overtime hours, "a sum determined by multiplying one-half the hourly rate by the number of hours worked in excess of 40 in the week"). Polanco attests that she averaged 11.4 overtime hours a week from March 4 through October 20, 2024, a period of exactly thirty-three weeks. Polanco Aff. ¶¶ 6–7. That average yields 376.2 overtime hours and, at $8.50 an hour, equals $3,197.70 in unpaid overtime. Polanco asks for $2,813.16, which corresponds to around 331 overtime hours, or roughly 10 overtime hours a week. *Id.* ¶ 8.

Sanchez attests that he averaged 49.7 hours a week, or 9.7 overtime hours, from March 25 through October 2, 2024, a period of around twenty-seven weeks. Sanchez Aff. ¶ 6. That average yields about 261.9 overtime hours and, at a premium of $8.50 to $9.00 (Sanchez states he earned either $17.00 or $18.00, depending on the shift) an hour, equals between about $2,226.15 and $2,357.10 in unpaid overtime. Sanchez asks for $2,202.01, which corresponds to about 259 overtime hours at $8.50 or 245 at $9.00. *Id.* ¶ 7.

Both Polanco's and Sanchez's requests are therefore lower than the affidavits supporting them would justify, so any error runs in Defendants' favor, and Defendants have offered nothing to rebut either figure.[6] *See Ortez*, 2025 WL 2169973, at *8 & nn.2–4, 7 (adopting each plaintiff's own lower figure because the defendants had not contested the calculation). Accordingly, the Court will award Plaintiffs their requested unpaid overtime: Polanco $2,813.16 and Sanchez $2,202.01.

2. *Liquidated damages*

Polanco elects liquidated damages under the NJWHL rather than the FLSA. Mot. at 7–8. Polanco cannot recover liquidated damages on both the FLSA and NJWHL, but she may choose which statute to use to measure liquidated damages. *See Davis v. Erigere Rapidus Sols. ERS, Inc.*, No. 23-23279, 2024 WL 2795899, at *5 & nn.2–3 (D.N.J. May 31, 2024). The NJWHL permits "an additional amount equal to not more than 200 percent of the amount of the unpaid minimum wages . . . as liquidated damages." N.J. Stat. Ann. § 34:11-56a25. Courts apply that provision to unpaid overtime. *See Mondragon*, 2023 WL 5370245, at *4. The 200 percent figure is a ceiling within the Court's discretion. *Ajanel v. JC HVAC LLC*, No. 24-2150, 2025 WL 1671318, at *5

[6] Neither affidavit explains the gap between its attested averages and the amount it requests; both attribute the requested figure to payroll records and a spreadsheet that were not filed.

(D.N.J. June 12, 2025). The Court will award the full amount of liquidated damages because the Complaint alleges, and Defendants by their default admit, that they withheld the overtime premium knowingly and willfully. Compl. ¶¶ 51, 53; *see Mondragon*, 2023 WL 5370245, at *4 (awarding 200 percent liquidated damages on default); *Ortez*, 2025 WL 2169973, at *9 (same). Polanco is therefore entitled to $5,626.32 in liquidated damages. Because that award fully compensates her, judgment will enter on Counts One and Two for a single sum. *See Lurty*, 2019 WL 3297473, at *4.

Sanchez, too, asks for 200 percent under the NJWHL. Mot. at 8; Sanchez Aff. ¶ 8. But he is a party only to the FLSA claim, so the FLSA measures his liquidated damages. *See Ortez*, 2025 WL 2169973, at *9 & n.9. The FLSA makes the employer liable for the unpaid overtime "and in an additional equal amount as liquidated damages." 29 U.S.C. § 216(b). Thus, Sanchez is entitled to $2,202.01 in liquidated damages, and the Court will **DENY** his request for the additional $2,202.01 the NJWHL would provide.

3. *Attorney's fees and costs*

A prevailing plaintiff under the FLSA or the NJWHL is entitled to a reasonable attorney's fee and costs. 29 U.S.C. § 216(b); N.J. Stat. Ann. § 34:11-56a25. Plaintiffs originally sought $9,057.25 in attorney's fees and costs. Mot. at 8–9. After the Court directed Plaintiffs to supplement that request, D.E. 14, Plaintiffs filed the Fee Declaration and Billing Records. The Billing Records reflect 23.5 hours and $9,511 in time charges, applying an hourly rate of $450 to attorneys Jodi Jaffe and Andrew Glenn and $70 to legal assistant Luis Cooper. Billing Records at 1–6. The Court finds those rates reasonable given the experience described in the Fee Declaration. Fee Decl. at 2–3; *see Santiago v. Lucky Lodi Buffet Inc.*, No. 15-6147, 2016 WL 6138248, at *4 (D.N.J. Oct. 21, 2016) (approving a $450 hourly partner rate in an FLSA matter).

Counsel states, however, that 3.2 of the 23.5 hours reflected in the ledger were spent preparing the renewed Motion and are not sought. Fee Decl. at 1. Neither the Fee Declaration nor the Billing Records identifies those 3.2 hours. The supplemental records nevertheless provide sufficient documentation to support an award of $9,057.25 in attorney's fees. Mot. at 8–9; Billing Records at 1–6. The Court therefore will not award the full $9,511 reflected in the supplemental ledger or any additional amount for the unidentified 3.2 hours. Given the documented hours, rates, and work performed, the Court finds $9,057.25 reasonable and will award Plaintiffs that amount in attorney's fees.

Plaintiffs also seek $897 in costs. Fee Decl. at 1. Although the supplemental submission does not itemize those expenses, the Court may take judicial notice of its own docket, which reflects that Plaintiffs paid a $405 filing and administrative fee when they commenced this action. *See* D.E. 1. The Court will therefore award $405 in costs. Because Plaintiffs have not identified or substantiated the remaining $492 in claimed expenses, the Court will **DENY** the remainder of their request for costs.

Accordingly, the Court will award Plaintiffs $9,057.25 in attorney's fees and $405 in costs, for a total fee and cost award of $9,462.25.

## IV. CONCLUSION & ORDER

For the foregoing reasons,

**IT IS**, on this **2nd** day of October, 2026,

**ORDERED** that Plaintiffs' renewed motion for default judgment, D.E. 13, is **GRANTED in part** and **DENIED in part**; and it is further

**ORDERED** that judgment is **ENTERED** in favor of Plaintiff Katheryn Polanco Marin and against Defendants WNC Laundry, LLC and David Khalil, jointly and severally, on Counts

One (FLSA) and Two (NJWHL) of the Complaint in the amount of $8,439.48, consisting of $2,813.16 in unpaid overtime compensation and $5,626.32 in liquidated damages under the NJWHL; and it is further

**ORDERED** that judgment is **ENTERED** in favor of Opt-In Plaintiff Cristian Alberto Torres Sanchez and against Defendants WNC Laundry, LLC and David Khalil, jointly and severally, on Count One (FLSA) of the Complaint in the amount of $4,404.02, consisting of $2,202.01 in unpaid overtime compensation and $2,202.01 in liquidated damages under the FLSA; and it is further

**ORDERED** that Count Three of the Complaint is **DISMISSED *without prejudice*** as to Plaintiff Katheryn Polanco Marin; and it is further

**ORDERED** that Plaintiffs' request for attorney's fees and costs is **GRANTED** in part, and Plaintiffs are awarded $9,057.25 in attorney's fees and $405 in costs, for a total award of $9,462.25, against Defendants WNC Laundry, LLC and David Khalil, jointly and severally; and it is further

**ORDERED** that Plaintiffs' requests for costs exceeding $405 is **DENIED**; and it is finally

**ORDERED** that the Clerk of Court shall enter final judgment in accordance with this Order and **CLOSE** this case.

Evelyn Padin

Evelyn Padin, U.S.D.J.